**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **KRISH PATEL,**<br>**Plaintiff,**<br>**v.**<br>**DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES,**<br>**Defendant.** | **Case No. 25–cv–13467–ESK**<br><br>**ORDER** |

**THIS MATTER** having come before the Court upon defendant Director, U.S. Citizenship and Immigration Services' (USCIS) motion to dismiss (Motion) (ECF No. 10 (Mot. Br.)) the complaint (Complaint) (ECF No. 1 (Compl.)); and the Court finding,

## BACKGROUND AND PROCEDURAL HISTORY

1. On July 24, 2024, plaintiff Krish Patel filed a complete I-918, petition for U nonimmigrant status (U visa). (Compl. ¶ 10; Mot. Br. p.7.)

2. U visas are an immigration benefit for victims of certain crimes who assist or cooperate in investigating those crimes. 8 U.S.C. § 1101(a)(15)(U). Because the U visa program has an annual cap of 10,000 visas, USCIS created a waiting list for otherwise eligible petitioners who fall outside the cap. *See* 8 U.S.C. § 1184(p)(2); 8 C.F.R. §§ 214.14(d)(1), (2). While a U visa petition is pending, USCIS may issue a *bona fide* determination (BFD), which provides the petitioner with an employment authorization document and deferred removal action. *See* 8 U.S.C. § 1184(p)(2).

3. On July 17, 2025, Patel filed the Complaint, alleging USCIS violated the Administrative Procedure Act (APA) by failing to make a BFD of Patel's U visa petition within a reasonable time, and by withholding or delaying its decision on Patel's eligibility for the U visa waitlist.

4. On November 12, 2025, USCIS filed the Motion pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(1) and 12(b)(6), arguing that the court lacks subject matter jurisdiction over Patel's claims, and even if the court had

jurisdiction, the Complaint fails to state a claim upon which relief can be granted. (Mot. Br. p. 10.)

5. On November 21, 2025, I granted USCIS's motion to seal the Motion and accompanying exhibits (ECF Nos. 10, 10–1, 10–2). (ECF No. 14.)

6. After Patel failed to respond to the Motion, on January 5, 2026, I directed him to advise the court whether he planned to respond. (ECF No. 15.)

7. As of today, Patel has failed to respond to the Motion or advise the court whether he intended to respond.

## DISCUSSION

8. A motion to dismiss pursuant to Rule 12(b)(1) may attack subject matter jurisdiction facially or factually. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A factual attack challenges the allegations supporting the assertion of jurisdiction, which permits a court to weigh evidence outside of the pleadings and places the burden of proof on the plaintiff to demonstrate that jurisdiction exists. *Id.* A facial attack does not dispute the facts as alleged and essentially applies the Rule 12(b)(6) standard. *In re Plum Baby Food Litig.*, 637 F. Supp. 3d 210, 221 (D.N.J. 2022).

9. When considering a motion to dismiss a complaint for failure to state a claim under Rule 12(b)(6), courts must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. *Makky v. Chertoff*, 489 F. Supp. 2d 421, 429 (D.N.J. 2007). A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

10. In reviewing the sufficiency of a complaint, a court must take three steps. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." (*Id.* at 679). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "[A] complaint's allegations of

historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings." *Connelly*, 809 F.3d at 790.

11. Here, USCIS argues that the court lacks subject matter jurisdiction over Patel's claim that USCIS has unreasonably delayed his BFD (First Cause of Action) because it is moot. (Mot. Br. p. 15.) A claim is moot when "developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996). USCIS argues—and Patel does not dispute—that it made a negative BFD on Patel's petition on August 27, 2025. (Mot. Br. p. 15; *see* ECF No. 10–1 (Negative BFD Notice)). Because USCIS has already addressed Patel's BFD claim, the court cannot "grant [Patel's] requested relief," and the First Cause of Action will be dismissed as moot.[1] *See Blanciak*, 77 F.3d at 699.

12. USCIS further argues that the court lacks jurisdiction over Patel's claim that USCIS is unlawfully withholding his waiting list decision (Second Cause of Action) (Compl. ¶¶ 79–87) because no statute or regulation requires USCIS to render a waitlist determination in a specific timeframe, and Patel has failed to allege facts to state a plausible claim. (Mot. Br. pp. 18–23.) The APA "authorizes courts to compel agency action unreasonably delayed—but a delay cannot be unreasonable with respect to action that is not required." *Norton v. S. Utah Wilderness All.*, 542 U.S. 63 n. 1 (internal quotations and alterations omitted); *see Qiu v. Chertoff*, 486 F. Supp. 2d 412, 421 (D.N.J. 2007) (dismissing APA claim where there was "no statutory or regulatory provision compelling adjudication within a certain time period").

13. I agree with USCIS. Nothing in the Immigration and Nationality Act (INA) or accompanying regulations requires USCIS to issue a waitlist determination within a specific time. Because I cannot compel USCIS to issue a waitlist determination within a specific time, the Second Cause of Action will be dismissed for lack of subject matter jurisdiction. *See Kale*, 2021 WL 2652124, at *4.

14. Last, USCIS argues that Patel's claim that USCIS unreasonably delayed his waiting list decision (Third Cause of Action) (Compl. ¶¶ 88–125) fails to state a claim upon which relief can be granted. (Mot. Br. pp. 23–28.)

---

[1] Because I find the First Cause of Action to be moot, I need not address USCIS's alternative arguments. (*See* Mot. pp. 16–18.)

15. The APA provides a cause of action for unreasonably delayed agency action. *See* 5 U.S.C. §555(b) ("[W]ithin a reasonable time, each agency shall proceed to conclude a matter presented to it.") Further, courts shall "compel agency action unlawfully withheld or unreasonably delayed. *Id.* §706(1).

16. "[W]hen determining whether [a] [d]efendant[']s delay has been sufficiently 'unreasonable' to support a claim under the APA, the Court must apply the four-factor balancing test that the United States Court of Appeals for the Third Circuit articulated in *Oil, Chem[ical] & Atomic Workers Union v. Occupational Safety [and] Health Admin[istration]*, 145 F.3d 120, 123 (3d Cir. 1998)." *Salloum v. United States Dep't of Homeland Sec.*, No. 25–00334, 2026 WL 74197, at *3 (D.N.J. Jan. 9, 2026) (applying the *Oil* factors to USCIS's delay in processing an asylum application).[2] The Third Circuit stated that:

> First, the court should ascertain the length of time that has elapsed since the agency came under a duty to act. Second, the reasonableness of the delay should be judged in the context of the statute authorizing the agency's action. Third, the court should assess the consequences of the agency's delay. Fourth, the court should consider any plea of administrative error, administrative inconvenience, practical difficulty in carrying out a legislative mandate, or need to prioritize in the face of limited resources.

*Oil*, 145 F.3d at 123.

17. Here, I find that the *Oil* factors favor USCIS. First, USCIS began considering Patel's eligibility for the U visa waiting list when it found no BFD about nine months ago. (*See* Mot. Br. p. 24 (stating, on November 12, 2025, that USCIS was two months into the U visa waiting list determination process for Patel); *see* ECF No. 10–1.)

18. Second, the nine-month delay is reasonable based on USCIS's showing that it processes approximately 80% of U visa applications within 28.5

[2] Patel asserts that the court instead should consider the six "*TRAC* factors," which are used by courts outside the Third Circuit. (*See, e.g.*, Compl. ¶90.) But the *TRAC* and *Oil* factors reach the same concerns. *See Telecomms. Rsch. & Action Ctr. v. F.C.C.*, 750 F.2d 70, 79 (D.C. Cir. 1984) (*TRAC*). Indeed, "the relevant considerations [in *Oil* and *TRAC*] are sufficiently similar that such decisions 'may be considered persuasive authority.'" *Salloum*, 2026 WL 74197, at *3 n. 3 (quoting *Aydin v. Zeleke*, No. 24–6253, 2025 3499246, at *6 n. 12 (E.D. Pa. Dec. 5, 2025)).

months. (Mot. Br. p. 24; *see* ECF No. 10–2 (U visa printout).) This factor thus weighs in favor of USCIS. This is particularly true when no statute or regulation gives USCIS a deadline by which it must adjudicate a U visa petition. *But see Denisova v. Mayorkas*, No. 23–01902, 2024 WL 2043664, at *6 (W.D. Pa. May 8, 2024) ("In the absence of a statutory or regulatory timeline, this factor weighs in favor of neither party.")

19. Third, I look at the consequences of the delay in considering Patel's petition for the U visa waiting list. Here, Patel alleges that the delay leaves him at risk of removal and means he cannot acquire work authorization, a social security number, a bank account, or a driver's license. (Compl. ¶¶ 107–112, 121.) "In short, [Patel] alleges harm from the delayed receipt of potential benefits as well [as] the associated uncertainty and stress he has endured as a result." *Salloum*, 2026 WL 74197, at *5. USCIS does not directly address Patel's alleged consequences but does argue that it has no duty to move Patel's petition "to the front of the line." (*See* Mot. Br. pp. 26–27.)

20. Although I am sympathetic to Patel's alleged harms, I agree with other courts that "the painful consequences of [a] delay are inherent in our immigration system." *Azam v. Bitter*, No. 23–4137, 2024 WL 912516, at *10 (D.N.J. Mar. 4, 2024) (concluding the *Oil* factors weighed against finding a plaintiff's 18-month wait for a consular interview on a visa application was unreasonable); *see also Salloum*, 2026 WL 74197, at *5. Further, I cannot "compel agency action where the result would be merely to expedite the consideration of a plaintiff's request ahead of others." *Ali v. U.S. Dep't of State*, 676 F. Supp. 3d 460, 471 (E.D.N.C. 2023) (citing *Liberty Fund v. Chao*, 394 F. Supp. 2d 105, 117 (D.D.C. 2005)). Accordingly, this factor either weighs in favor of USCIS or is—at best—neutral.

21. Fourth, Patel has not made any "plea of administrative error, administrative inconvenience, practical difficulty in carrying out a legislative mandate, or need to prioritize in the face of limited resources." *Oil*, 145 F.3d at 123. I therefore find this factor is neutral.

22. Because two *Oil* factors favor the USCIS and the other two are neutral, Patel fails to state a plausible APA claim based on an unreasonably delayed of the U visa wait list decision. Accordingly, the Third Cause of Action will be dismissed. *See Salloum*, 2026 WL 74197, at *6.

Accordingly,

**IT IS** on this **3rd** day of **June 2026** **ORDERED** that:

1. The unopposed Motion (ECF No. 10) is GRANTED.

2. The Complaint (ECF No. 1) is dismissed.

3. The Clerk is directed to close this matter and to send a copy of this order to plaintiff by regular mail.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**